IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GARY KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 07-436-S-EJL |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CATHY A. CATTERSON, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Plaintiff's Petition for Order to Proceed In Forma Pauperis (Docket No. 1).  The District Court has referred this action to the undersigned for all pretrial matters.  (Docket No. 3).  Accordingly, having carefully reviewed the record, and otherwise being fully advised, the following Report and Recommendation is entered pursuant to 28 U.S.C. § 636(b):

## I.

## BACKGROUND

On October 9, 2007, Plaintiff Gary Kendall ("Plaintiff") filed a self-titled: "Complaints of Deprivation of Civil Rights Under Color of Law and Intentional Infliction of Emotional Distress and Violation of United States Employee Oath of Office and Treason."  (Docket No. 2). Plaintiff alleges, among other things, that his Judicial Complaint with the Ninth Circuit Judicial Council was continually and unjustifiably rejected as violating the "Council Rules'" page limitations.  Complaint, p. 2 (Docket No. 2).  Based on these and other allegations, Plaintiff brings this action against the employees allegedly responsible for rejecting his Judicial

REPORT AND RECOMMENDATION - 1

Complaint.  *Id*. at pp. 1-4.  Plaintiff has requested that he be allowed to proceed with these claims without prepayment of fees.  Petition for Order to Proceed In Forma Pauperis, pp. 1-2.

## II.

## IN FORMA PAUPERIS REQUEST

### A.      Standards of Law

The Court may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he possesses, and (2) that the person is unable to pay such fees or give security.  28 U.S.C. § 1915(a)(1).  The required affidavit must state the nature of the action and the affiant's belief that he is entitled to redress.  *Id*.

### B.      Discussion

In support of his request, Plaintiff files an Affidavit in Support of Petition for Order to Proceed In Forma Pauperis (the "Affidavit").  (Docket No. 1 Att. 2).  The Affidavit includes an "Attestation, Notice and Certification" whereby Plaintiff swears and affirms that the statements contained therein are "true and correct to the best of [his] knowledge . . . ."  *Id*.  Further, the Affidavit is notarized.  *Id*.  Similarly, Plaintiff also files a Cost of Living Statement in Support of Petition for Order to Proceed in Forma [Pauperis] (the "Statement").  (Docket No. 1 Att. 3).  Although the Statement contains a similar "Attestation and Certification," it is not notarized.  Under these combined circumstances, and considering that pro se pleadings must be liberally construed, *see Resnick v. Hayes*, 213 F.3d 447 (9th Cir. 2000), the Court will consider the financial information contained in both the Affidavit and the Statement in support of Plaintiff's Petition to Proceed In Forma Pauperis.

REPORT AND RECOMMENDATION - 2

It is recommended that the District Court grant Plaintiff leave to proceed in forma pauperis, for the following reasons.  Plaintiff states that he is unemployed and receives income of only $910.00 per month for disability benefits, but spends it all on his monthly rent, food, laundry, telephone, vehicle, and other expenses.  Affidavit, p. 1 (Docket No. 1 Att. 2); Statement, p. 1 (Docket No. 1 Att. 3).  Plaintiff's only asset appears to be a 1992 Dodge pick-up truck (which he values at $500.00), contrasted against significant debt.  *Id.*  Finally, Plaintiff has sworn, as required by 28 U.S.C. § 1915(a)(1), that "because of [his] poverty, [he is] unable to pay the costs of said proceeding or give security therefore, and that [he] believe[s] that [he is] entitled to relief."  Petition for Order to Proceed In Forma Pauperis, pp. 1-2 (Docket No. 1).

## III.

## REVIEW OF COMPLAINT

### A.    Standards of Law

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(e)(2).  A complaint or portion thereof should be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).  A complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law."  *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks and citation omitted).

In conducting this review, Plaintiff's pro se pleadings must be liberally construed and he must be given the benefit of any doubt.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as

REPORT AND RECOMMENDATION - 3

true all allegations of material fact and must construe those facts in the light most favorable to

the plaintiff.")  Additionally, if the complaint can be saved by amendment, Plaintiff should be

notified of the Complaint's deficiencies and provided an opportunity to amend.  *See Jackson v.*

*Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to amend is

improper unless it is clear that the complaint could not be saved by any amendment"); *Lopez v.*

*Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000) (holding that, when dismissal of in forma pauperis

complaint is appropriate where "court determines that . . . the action or appeal . . . fails to state a

claim on which relief may be granted," district court retains discretion to decide whether plaintiff

may have leave to amend complaint (quoting 28 U.S.C. § 1915(e)(2))).

**B.     Factual Allegations**

Plaintiff attempted to file his Judicial Complaint on July 2, 2007 only to have it rejected

by the Clerk's Office for the Ninth Circuit on August 6, 2007 for attempting to incorporate an

overlength Statement of Facts.  Complaint, p. 2 (Docket No. 2).

On August 15, 2007, Plaintiff re-filed his Judicial Complaint, this time with an

explanation that more than five pages were "necessary to the coverage of the abundance of

violations" or, alternatively, asking that the excess pages be considered as part of the supporting

documentary evidence provided for under Rule 2(d) of the Rules of the Judicial Council of the

Ninth Circuit Governing Complaints of Judicial Misconduct or Disability ("Council Rules").  *Id.*

However, on September 17, 2007, Plaintiff's Judicial Complaint was again rejected as violating

the page limitation outlined within the Council Rules.  *Id.*

On September 26, 2007, Plaintiff filed a re-formatted Judicial Complaint, including a

five-page Statement of Facts alongside "additional documentation of evidence . . . added to the

REPORT AND RECOMMENDATION - 4

complaint as a Memorandum of Law." *Id*.  Still, on October 2, 2007, Plaintiff's Judicial

Complaint was again refused and returned to Plaintiff along with the following explanation

and/or instruction:

> Your statement of facts is five (5) pages but you also included a
> memorandum of law that consist[s] of six (6) pages.  You can only
> submit a five page statement of facts.  Please correct your complaint
> and resubmit it to this office.

*Id*.

Finally, on October 9, 2007, Plaintiff re-filed his Judicial Complaint, demanding that the

Ninth Circuit's Clerk's Office "attend to the actual judicial council rules."  *Id*.  Interestingly, it

was that very same day, October 9, 2007, that Plaintiff brought this action before this Court.

Complaint (Docket No. 2).

There is no indication from Plaintiff's Complaint that his October 9, 2007 filing was

rejected by the Ninth Circuit's Clerk's Office for a fourth time.

## C.    Judicial Misconduct Rules

Plaintiff does not appear to take issue with the Council Rules; instead, Plaintiff seems to

object to the application of the Council Rules to his rejected Judicial Complaint.  Specifically,

Plaintiff argues that the Statement of Facts within his Judicial Complaint cannot be limited to the

five-page limitation as outlined in the Council Rules and, to insist on such a limitation, is

actionable.

Rule 2(b) of the Council Rules requires that a statement be attached to the complaint

form, "setting forth with particularity the facts that the claim of misconduct or disability is based

on."  *See* Council Rule 2(b).  Council Rule 2(b) further requires, in no uncertain terms, that

"[t]he statement must not be longer than five pages . . . ."  *Id*.  The Commentary on Council Rule

REPORT AND RECOMMENDATION - 5

2 explains the reason for the five-page limitation: "The five-page limit is intended to eliminate long, rambling complaints that do not clearly identify the conduct complained of." *See* Commentary on Council Rule 2.

At the same time, the Council Rules recognize that "documents" may be submitted as "evidence" of the allegedly offensive behavior and that the above-referenced page limit does not apply to such documents. *See* Council Rule 2(d). According to the Commentary on Council Rule 2, these "documents" typically include transcript excerpts and/or witness statements providing the evidentiary support to the allegations raised within a party's Statement of Facts; however, they do not present the opportunity to expand on the factual allegations beyond the five-page limitation. *See* Commentary on Council Rule 2.

In the event a Judicial Complaint (and its accompanying parts) are not compliant with the Council Rules, "the clerk will normally return the complaint for filing and will advise the complainant of the appropriate procedures." *See* Council Rule 3(d). Importantly, the Council Rules do not contain a time limit beyond that which would prejudice the ability of the Judicial Council to give fair consideration to the matters raised within a Judicial Complaint - analogous to the equitable concept of laches. *See* Commentary on Council Rule 1.

Here, Plaintiff does not dispute that he consistently filed a Statement of Facts in violation of Council Rule 2(b); yet, he argues that his circumstances required more than five pages and/or that his self-styled "memorandum of law" constituted an evidentiary document permissible under Council Rule 2(d). For rejecting his Judicial Complaint, Plaintiff now brings claims of civil rights violations, emotional distress, and treason, seeking damages in excess of $3 million.

REPORT AND RECOMMENDATION - 6

**D.      The Defendant Clerks' Conduct is Not Actionable**

1.      Defendants are Immune

Plaintiff claims that the Defendants' conduct relating to the handling of his Judicial

Complaint violated the Council Rules and warrant the causes of action asserted against them.

Even when accepting all of Plaintiff's allegations as true, it is clear that the Defendants were

acting pursuant to their lawful authority and following in good faith the Council Rules.  Indeed,

there is no dispute that Plaintiff's Judicial Complaint consistently violated Council Rule 2(b).

Likewise, there is no dispute that, pursuant to Council Rule 3(d), Defendants returned Plaintiff's

Judicial Complaint and advised him of the appropriate procedures.  Under these circumstances,

Defendants are not only acting in their quasi-judicial capacity, they are acting in complete

accordance with the Council Rules that dictate their conduct.  Therefore, Defendants should be

immune from Plaintiff's suit for monetary damages.  *See Riser v. Schnieder*, 37 Fed. Appx. 763,

764 (6th Cir. 2002) (finding defendant clerks immune to plaintiff's meritless appeal and

affirming dismissal of in forma pauperis complaint under 28 U.S.C. § 1915(e)(2) regardless of

whether court clerk committed any errors in handling complainant's case).[1]

---

[1]  Contrary to Plaintiff's argument that "[b]y definition, a Memorandum of Law is evidence in support of a complaint action . . . ." (Complaint, p.2), assertions made in legal memoranda are not "evidence" supporting application of Council Rule 2(d).  *See e.g.*, *Coverdell v. Dep't of Social and Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987).  While Plaintiff may feel that more than a five-page Statement of Facts is necessary, it is helpful to be reminded of William Shakespeare's contribution to this issue: "[S]ince brevity is the soul of wit, [a]nd tediousness the limbs and outward flourishes, I will be brief . . . ."  *Hamlet*, 1603; *see also* Commentary on Council Rule 2 ("Expressions of outrage and pleas for justice are not helpful to the chief judge's review of a complaint and should not be included in a statement of facts.") Contrasted against Abraham Lincoln's tight, 261-word Gettysburg Address (the equivalent of less than one typewritten page, double-spaced), Plaintiff is more than capable of confining his Statement of Facts to five pages.

REPORT AND RECOMMENDATION - 7

2.      Notwithstanding Defendants' Immunity, There are No Claimed Civil Rights
        Violations

Underlying Plaintiff's allegations of civil rights violations is the perception that he was

denied access to the courts in violation of 28 U.S.C. § 1983.[2]  To succeed on an "access to the

courts" claim, a plaintiff must show that he was denied "'a reasonably adequate opportunity to

present claimed violations of fundamental constitutional rights to the courts,'" and that he or she

suffered "actual injury," i.e., "that a nonfrivolous legal claim had been frustrated or impeded."

*Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825

(1977).  While typically presented in a prison/prisoner context, there is no indication that

Plaintiff was denied access to the courts.

First, Plaintiff was and continues to be given an opportunity and forum to present his

claim of judicial misconduct before the Ninth Circuit Judicial Council.  The fact that his Judicial

Complaint was rejected for violating the Council Rules does not change this reality, it merely

reflects the appropriate protocol for submitting a Judicial Complaint.  Moreover, nothing

prevents Plaintiff from once-and-for-all complying with the Council Rules and submitting his

Judicial Complaint for the Chief Judge's consideration - particularly when considering that the

Council Rules do not contain a time limit.  *See* Commentary on Council Rule 1.

Second, given the procedural backdrop leading up to this action, Plaintiff cannot show

that he suffered an actual injury resulting from Defendants' alleged conduct.  While Defendants

may technically, as well as correctly, have impeded Plaintiff's pursuit of a judicial misconduct

---

[2]  Section 1983 provides that "[e]very person who, under color of [law], subjects, or
causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws, shall be liable to the party
injured in an action at law . . . or other proper proceeding for redress."  42 U.S.C. § 1983.

REPORT AND RECOMMENDATION - 8

claim, this was a function of Plaintiff's inability to abide by the justified (and repeatedly relayed) page limitation requirement outlined in the Council Rules. Put another way, Plaintiff's inability to submit his Judicial Complaint consistent with Council Rules cannot operate to generate the actual injury requirement to support an access to the courts claim.

Third, in order to succeed on a Section 1983 claim, Plaintiff must also prove that Defendants acted under color of state law when they allegedly deprived him of access to the courts. *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006). Traditionally, the courts have held that a defendant acts under the color of state law when he or she exercises power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Thomas v. Pearl*, 998 F.2d 447, 450 (7th Cir. 1993) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Thus, government employees who act in their official capacity or exercise their responsibilities pursuant to state law, act under color of state law. *See Hill v. Barbour*, 787 F. Supp. 146, 149 (N.D. Ill. 1992). Conversely, government employees who act without the cloth of state authority do not subject themselves to liability under Section 1983. *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989). In other words, one acting under color of federal law cannot be held liable under Section 1983 for his or her acts. *See* 15 Am. Jur. 2d Civil Rights § 75; *see also* 14A C.J.S. Civil Rights § 446 ("Since the statute applies to actions under color of state law, rather than federal law, federal officials acting under color of federal law are not liable . . . .") Because Defendants are federal officials/employees acting under color of *federal* law, not state law, a Section 1983 claim cannot lie against them.

Here, Plaintiff is incapable of proving either that he was deprived of his right to access to the courts or that any alleged deprivation was committed by a person acting under color of state

REPORT AND RECOMMENDATION - 9

law.  Combined together or considered separately, these factors weigh in favor of dismissing

Plaintiff's civil rights claim without granting leave to amend.[3]

       3.     <u>Notwithstanding Defendants' Immunity, There is No Actionable Claim for Intentional Infliction of Emotional Distress</u>

Idaho courts require extremely bad behavior on the part of Defendants to allow a claim of

intentional infliction of emotional distress.  *Ward v. Sorrento Lactalis, Inc.*, 392 F. Supp. 2d

1187, 1195 (D. Idaho 2005) (citing *Edmondson v. Shearer Lumber Prods.*, 139 Idaho 172, 75

P.3d 733, 741 (2003) (noting that, even if a defendant's conduct is "unjustifiable," it does not

necessarily rise to the "outrageous" standard; to do so, it must be "atrocious" and "beyond all

---

     [3]  Although unclear from his paperwork, Plaintiff appears to also cite 42 U.S.C. § 1981 as a basis for his claims against Defendants; however, he does not allege that he is a member of a racial minority, a necessary element to support a claim under this statute.  *See White v. Washington Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) ("It is well settled that section 1981 only redresses discrimination based on plaintiff's race."); *Selden Apartments v. HUD*, 785 F.2d 152, 159 (6th Cir. 1986) (noting  prima facie elements of section 1981 include plaintiff being member of racial minority).  For this reason, it is recommended that, to the extent Plaintiff asserts a claim under 42 U.S.C. § 1981, it be dismissed.  Typically, leave to amend would accompany such a dismissal; however, given that Defendants are also immune, it is recommended that no such leave be granted here.

     Plaintiff also appears to cite 42 U.S.C. § 1985 as a basis for his civil rights claims against Defendants.  Section 1985(3) provides a cause of action if two or more persons conspire to deprive a person or class of person of the equal protection of the laws.  To bring a cause of action successfully under Section 1985, Plaintiff must demonstrate a deprivation of a right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotation marks omitted); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990).  "[P]laintiff must be a member of the class discriminated against."  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).  Plaintiff has not alleged that Defendants' actions were motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Sever*, 978 F.2d at 1536 (internal quotation marks omitted).  As with Plaintiff's Section 1981 claim, leave to amend would normally accompany such a dismissal under Section 1985; however, given that Defendants are also immune, it is recommended that no such leave be granted here.

REPORT AND RECOMMENDATION - 10

possible bounds of decency")).  Defendants' conduct certainly cannot be said to be outrageous, atrocious, or beyond all possible bounds of decency when it merely tracks the language within the Council Rules.[4]   Because it is clear that Plaintiff's claim for intentional infliction of emotional distress cannot be saved by any amendment, it is recommended that it be dismissed without granting leave to amend.

>   4.   Notwithstanding Defendants' Immunity, There is No Actionable Claim for Treason

The statute addressing federal treason and sedition laws, 18 U.S.C. § 794(a), is applicable to the act of obtaining or furnishing guarded information pertaining to the national defense of the United States government for use to the advantage of any foreign nation.  *Offutt v. Kaplan*, 884 F. Supp. 1179, 1184 (N.D. Ill. 1995) (citing *Gorin v. U.S.*, 312 U.S. 19 (1941).[5]  Plaintiff has not

---

[4]  Moreover, while the level of a plaintiff's distress is ordinarily a question for the trier-of-fact, Idaho courts have held as a matter of law that being upset, frustrated, embarrassed, angry, and/or bothered does not rise to the requisite severity level.  *See Alderson v. Bonner*, 142 Idaho 733, 742-43, 132 P.3d 1261, 1269-70 (Id. Ct. App. 2006).  Without needing to resolve the issue, it should be pointed out that Plaintiff alleges that Defendants' conduct "dramatically increased petitioner's levels of frustration and anger . . . ."  Complaint, p. 2 (Docket No. 2).  Simply stated, this is not enough to give rise to a claim.

[5]  18 U.S.C. 794(a) provides:

> Whoever, with intent or reason to believe that it is to be used to the injury of the United States or to the advantage of a foreign nation, communicates, delivers, or transmits, or attempts to communicate, deliver, or transmit, to any foreign government, or to any faction or party or military or naval force within a foreign country, whether recognized or unrecognized by the United States, or to any representative, officer, agent, employee, subject, or citizen thereof, either directly or indirectly, any document, writing code book, signal book, sketch photograph, photographic, blueprint, plan, map, model, note, instrument, appliance, or information relating to the national defense, shall be punished by death or by imprisonment for any term of years or for life.

REPORT AND RECOMMENDATION - 11

and cannot establish that Defendants obtained or furnished guarded information that is connected to national defense of the United States of America or has communicated that information to a foreign nation. Thus, Plaintiff has failed to demonstrate that a claim of treason is applicable to his case.[6] Because it cannot be saved by any amendment, it is recommended that Plaintiff's treason claim be dismissed without granting leave to amend.

## IV.

### CONCLUSION

Although Plaintiff's Complaint has been liberally construed, and the authority cited therein considered, Plaintiff is reminded that it is not "the proper function of the . . . court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For that reason, the Court has not "construct[ed] arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

Although taking the allegations raised in Plaintiff as true, he cannot support causes of action for (1) civil rights violations, (2) intentional infliction of emotional distress, or (3) treason. Therefore, it is recommended that his Complaint be dismissed with prejudice.

///

///

///

---

[6] Plaintiff's comparison of Defendants' conduct to (1) international terrorism, 18 U.S.C. § 2331, (2) levying war against the United States, 18 U.S.C. § 2381, and (3) engaging in a rebellion or insurrection against the United States, 18 U.S.C. § 2383, is wholly without merit and frivolous. Moreover, Plaintiff's references to judicial disqualifications/recusals within 28 U.S.C. § 455 is inapplicable to the instant action.

## V.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court (1) grant Plaintiff's Petition for Order to Proceed in Forma Pauperis (Docket No. 1), and (2) dismiss Plaintiff's Complaint (Docket No. 2) without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are

not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED:  **December 19, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

REPORT AND RECOMMENDATION - 13